IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD TERRELL,

    Plaintiff,                             No. 2:13-cv-0102 KJN P

    vs.

SUSAN K. SHALLER,                <u>ORDER AND</u>

    Defendant.                   <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner inmate proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's

prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff names Susan K. Shaller, plaintiff's appointed appellate attorney on direct appeal in plaintiff's underlying criminal proceedings, as the sole defendant. Plaintiff contends that defendant "showed legal malpractice and unprofessionalism by intentionally overlooking several serious legal issues." (Dkt. No. 1 at 3.) Plaintiff asks this court to allow plaintiff to try his civil complaint in front of a jury.

To state a cognizable claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 28 (1988). Here, plaintiff's allegations consist of general, legal malpractice claims against his attorney in a criminal appeal. However, defense attorneys (including public defenders or appointed counsel) do not act under color of state law for the purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996) (noting that attorneys are generally private, not state, actors). Plaintiff's complaint does not allege any facts suggesting that his attorney acted in a manner that went beyond the traditional functions of a lawyer. Polk, 454 U.S. at 325. Therefore, plaintiff's allegations of general, legal malpractice fail to state a cognizable claim under § 1983 and must be dismissed.[1] See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that plaintiff's legal malpractice claims do not come within the jurisdiction of federal courts).

////

---

[1] It appears to be the case in California, as in most jurisdictions, that a legal malpractice claim arising out of a criminal proceeding requires proof of actual innocence. See Wiley v. County of San Diego, 19 Cal.4th 532, 545, 79 Cal. Rptr.2d 672 (1998). Therefore, to the extent plaintiff is seeking post-conviction relief in federal court so that he may proceed with a legal malpractice action against his former attorney in state court, he is advised that he must file a habeas petition and not a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice to plaintiff's filing of a habeas petition in the appropriate court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

terr0102.56